[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
This is a contract action by the plaintiff (hereinafter referred to as "the insured") against the defendant ("the insurer") for monetary damages caused by the insurer s failure to reimburse the plaintiff for property damage to his automobile. Having heard the argument of the parties, and having considered the relevant statutes and practice rules, the court makes the following findings and orders.
Practice Book Section 17-49 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."
The party seeking summary judgment has "the burden of showing the absence of any genuine issue as to all material facts which, under applicable principles of substantive law, entitle them to judgment as a matter of law." Thompson Peck, Inc. vs. DivisionDrywall, 241 Conn. 370, 374 (1997), citing Miller vs. UnitedTechnologies Corp., 233 Conn. 732, 744-45, (1995).
The insurer in the in this case failed and refused to honor the plaintiffs claim for the stated reason that at the time of the loss, the plaintiffs insurance policy had been canceled for non-payment of premiums. CT Page 6226
The plaintiff moved this court, pursuant to Practice Book Sections 17-44, et seq., to enter a summary judgment against the insurer. He argued that there is no genuine issue of fact regarding the defendant's liability. His assertion is based on the fact that the contract of insurance expressly sets forth the three types of notification to be given to an insured when a policy is canceled. The relevant section in the policy is "Cancellation" — "We [insurer] may cancel by mailing notice by registered or certified mail or United States Post Office certificate of mailing."(Movant's Exhibit A).
The plaintiff claims that the insurer failed to provide notice of cancellation as required by the contract and, consequently, the policy remained in effect and the insurer's failure to honor his claim of loss was a breach of contract.
Section 38a-343 (a) of the General Statutes provides, in relevant part: No notice of cancellation of policy . . . may be effective unless sent, by registered or certified mail or by mail evidenced by a certificate of mailing or delivered by the insurer to the named insured . . . The notice of cancellation shall state or be accompanied by a statement specifying the reason for such cancellation.
The plaintiff has not argued that the notice failed to state or to be accompanied by a statement specifying the reason for such cancellation. His sole argument is that the method of notice selected by the insurer was not consistent with the terms of their contract.
The method used by the insurer was a Sender's Statement and Certificate of Bulk Mailing and it was accomplished by the use of United States Postal Service Form 3606 which is designed for that purpose (see Movant's Exhibit B).
The defendant has objected to this motion for summary judgment. It argues that the method of notice which it used to advise the plaintiff that his policy had been canceled was permitted under statute and was not inconsistent with the terms of their contract. More specifically, the defendant argues that the issue of whether or not the chosen method of notice constituted a breach of contract is a question of fact and not one of law and that the motion for summary judgment must be denied. CT Page 6227
In support of its argument plaintiff cites Hernandez vs.Hartford Accident Indemnity Co., CV 88 0277868, Conn. Superior Court, New Haven, J.D., February 27, 1990 wherein the court (Hodgson, J.) held that "Hartford's proof of mailing . . . was not sufficient . . ." Hartford had used a certificate of mailing. The plaintiff argues that the defendant insurer is collaterally estopped from arguing that issue over again in this court.
The defendant counters with the finding of this court inHarbour vs. Hartford Accident Indemnity Company, No. CV88 0247882, Conn. Superior Court, Judicial District of Fairfield, at Bridgeport, Jan. 11, 1993 (Spear, J.). In Harbour the court (Spear, J.) held that the "form" of mailing was not the basis for Judge Hodgson's finding of "invalid" notice in the Hernandez
case. Rather, it was her finding that the insurer in that case had failed to prove any mailing and the Hartford had not proven that it had obtained a certificate of mailing at all.
The facts in the instant case are similar to the facts inHarbour and are distinguishable from the facts in Hernandez.
In this case there was a certificate of mailing, albeit a certificate of bulk mailing, which is not only dated with the insurer's postage meter, but which also bears a cache cancellation of the United States Postal Service.
Not only is there a presumption that the notice was mailed to Superior Court the plaintiff, there is a concession by the plaintiff that the notice was mailed to and received by him. The fact that it was by a Sender's Statement and Certificate of Bulk Mailing rather than by a United States Post Office Certificate of Mailing is the basis of the plaintiffs claim of non-compliance with the contract.
The court agrees with the defendant's claim that the issue raised by the plaintiff is indeed an issue of fact and not of law and, for that reason, the court hereby denies the plaintiffs motion for summary judgment and will allow that issue to be decided by the trier of the facts.
By the Court,
Joseph W. Doherty Judge CT Page 6228